Steven J. Parsons
Nevada Bar No. 363
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Dr Ste 200
Las Vegas NV 89145-8868
(702) 384-9900
(702) 384-5900 (fax)
Steve@SJPlawyer.com

Attorneys for Plaintiff
**ERIN WETZEL**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **ERIN WETZEL**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**MEDICWEST AMBULANCE, INC.**, a Nevada corporation; and **ENVISION HEALTHCARE CORPORATION**, a Delaware corporation,<br><br>Defendant.<br>_____/ | Case No. **2:16-cv-02271-RFB-(PAL)**<br><br>**STIPULATION AND JOINT MOTION FOR AN ORDER TO EXTEND THE DISCOVERY DEADLINES AND MODIFY THE SCHEDULING ORDER AND (PROPOSED) ORDER**<br>(Second Request) |

Plaintiff, **ERIN WETZEL** an individual, by her attorneys, Steven J. Parsons of LAW OFFICES OF STEVEN J. PARSONS, and Defendants **MEDICWEST AMBULANCE, INC.**, and **ENVISION HEALTHCARE CORPORATION,** by their attorneys, Daniel F. Fears, Matthew L. Durham and Chad D. Olsen of PAYNE & FEARS, LLP, pursuant to LR IA 6-1 and LR 26-4, hereby stipulate and jointly move the Court for an Order that the Discovery Plan and Scheduling Order be modified to extend the close of discovery and other deadlines for ninety (90) days so that all pre-trial discovery may be completed.

This Stipulation is filed for good cause and excusable neglect as set forth in the below, and not merely for delay.

A. Discovery Completed

Discovery completed in this matter to date:

1. The parties have exchanged initial disclosures;



10091 Park Run Drive Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

Page 1 of 5

2. Plaintiff served interrogatories and requests for production on each Defendant and Defendants have served their responses;

3. Defendants served Plaintiff with interrogatories and requests for production and Plaintiff has served her responses;

4. Defendants took Plaintiff's deposition on February 13, 2017, June 6, 2017, and July 27, 2017 – the Plaintiff's deposition has been completed;

5. Defendants issued subpoenas to third parties, including the North Las Vegas Police Department ("NLVPD") and AT&T Wireless; and

6. Plaintiff took the deposition of two of Defendants' employees on November 30, 2017.

B. **Discovery that Remains to be Completed**

Discovery yet to be completed includes:

1. The deposition of Defendants' Human Resources director and employee, Janice Gonzalez.  Plaintiff is informed and believes that Ms. Gonzalez was Defendants' executive that was primarily responsible for the Defendants' responses to the underlying incident and the matters complained-of by Plaintiff;

2. The parties may issue second-sets of written discovery, depending on the content of the yet to be completed deposition testimony; and

3. The Plaintiff may need to depose one or more members of NLVPD, as it was the police authority that received Plaintiff's complaint of the wrongdoing set out in her Complaint.

4. The parties may issue deposition subpoenas for documents and/or depositions following recent and soon to be completed deposition testimony.

C. **Reasons Why the Remaining Discovery Was Not Completed**

Good cause and excusable neglect exists for this Stipulation and joint motion, for the following reasons:

1. During late 2016 and well into the third-quarter of 2017, Plaintiff's counsel,



Steven J. Parsons, age 66, continued to suffer outfall from his chronic condition of adult-onset (Type II) diabetes.  Because of serious and life-threatening *osteomyelitis* infections of MRSA of his left foot, first evident in September 2016, Mr. Parsons required two surgeries – first in December 2016, then again, upon an infection and relapse of the condition, in February 2017.  These maladies resulted in a period of hospitalization, a repeated diagnosis of disability and absence from his practice on at least three (3) occasions – each time a physician-directed period of at least six (6) weeks, including the administration of very strong, intravenous antibiotics and other therapies.

In late May 2017, rather than undergo a recommended <u>third</u> surgery on his left foot, Mr. Parsons began a further evaluation of his condition.  Mr. Parsons sought and obtained consultations with other physicians and noted surgeons, one of which was out-of-state, to accurately discern his actual need of further surgery and his medical condition.  In a classic sort of way, Plaintiff's counsel received information, diagnosis and advice from numerous physicians, all of which ranged the possibilities of additional surgeries to simply monitoring the condition combined with ongoing physician-observation and care (which Plaintiff's counsel ultimately chose to do.)  The decision to resist an additional surgery became more evident and Mr. Parsons' choice by the end of September, 2017.[1]

This period of distress, additional weekly medical care and distraction for Mr. Parsons caused an inordinate delay in the discovery in this case.[2]

---

[1] Even now, some of Mr. Parsons' medical providers continue to express concern for his condition.  Mr. Parsons has assured each of them that with less frequent medical visits over longer periods of time, he is satisfied he has made the correct care choices.

[2] Plaintiff's counsel at all times informed Defendants' counsel of counsel's illness, recovery and disability as it occurred.  The parties have and continue to work well together in preparing this significant case for resolution or trial.  Nonetheless, given Mr. Parsons' unavailability, scheduling and completion of certain work that preceded the commencement of depositions of Defendants' employees was distended and not timely prosecuted.



2. Well aware of the Court's most recent Order (Doc. No. 25)[3] the parties worked in collaboration up to the very end of the current discovery deadline. Nonetheless, the parties are in complete agreement that additional discovery is warranted, still outstanding and basically fair to the parties. This stipulation and joint Motion is in the interests of justice, and not simply cause for delay.

The parties are working diligently to obtain mutually agreeable dates and times for the completion of all outstanding depositions.

3. During the depositions of MedicWest's supervisor-employees Jesse Chmielewski and Michael Whitehead, on November 30, 2017, Plaintiff's counsel learned additional facts about Defendants' policies, practices, and procedures, and the facts surrounding the subject incident that created a need for additional research and preparation prior to taking Defendant's Rule 30(b)(6) deposition – ostensibly Defendants' Human Resources director and employee, Janice Gonzalez, which was scheduled for the following day.

The parties readily agreed to reschedule the 30(b)(6) deposition to allow Plaintiff's counsel the additional time necessary to prepare for the deposition in light of the testimony of Chmielewski and Whitehead.

D. Proposed Schedule for Completing all Remaining Discovery

Therefore, the parties hereby propose the following schedule for completing all remaining discovery:

…

…

…

---

[3] Delays in completing discovery were readily apparent to counsel at the time of the parties' earlier request to the court for more time for discovery (Doc No. 24), but Plaintiff's counsel Mr. Parsons, was awaiting further developments in his medical condition, and he chose to not disclose his personal medical condition in public documents. Though seemingly appropriate at the time, Mr. Parsons now regrets his earlier decision, and the extra effort it causes the Court to expend in considering this later Stipulation and Joint Motion.



|   | | Old Deadline | New Deadline |
|---|---|---|---|
| • | Deadline to Complete Discovery | 12/14/2017 | 03/14/2018 |
| • | **Dispositive Motions Due** | 01/15/2018 | 04/13/2018 |
| • | **Joint Pretrial Order** | 03/01/2018 | 05/30/2018 |

Based on the foregoing, the parties respectfully stipulate, jointly move the Court and request that the Court extend the discovery deadlines and modify the scheduling Order, as set-out above for the good cause shown by the parties.

Dated: Tuesday, December 19, 2017.     Dated: Tuesday, December 19, 2017.

LAW OFFICES OF STEVEN J. PARSONS     PAYNE & FEARS, LLP

/s/ Steven J. Parsons     /s/ Matthew L. Durham
STEVEN J. PARSONS     MATTHEW L. DURHAM
Nevada Bar No. 363     Nevada Bar No. 10342
    CHAD D. OLSON
Attorneys for Plaintiff     Nevada Bar No. 12060
**ERIN WETZEL**

Attorney for Defendants
**MEDICWEST AMBULANCE, INC.** and
**ENVISION HEALTHCARE CORPORATION**

ORDER

**IT IS SO ORDERED.**

Dated: December 22, 2017

_____
U.S. DISTRICT/MAGISTRATE JUDGE

