UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIN WETZEL,<br><br>               Plaintiff,<br>v.<br>MEDICWEST AMBULANCE, INC., et al.,<br><br>               Defendants. | Case No. 2:16-cv-02271-RFB-PAL<br><br>ORDER<br><br>(Mot Ext Disc – ECF No. 31) |

Before the court is plaintiff's Motion to Extend Discovery Deadlines (Fourth Request) (ECF No. 31). The court has reviewed the motion and defendants' Limited Opposition (ECF No. 32). No reply was filed and the time for filing a reply has run.

After receiving two prior extensions of the discovery plan and scheduling order deadlines the parties filed an untimely third request for an additional 120-day extension 6 days before the twice extended March 14, 2018 discovery cutoff (ECF No 29). The initial discovery cutoff was May 9, 2017. *See* Order (ECF No. 15). The court entered a standard 180-day plan on December 30, 2016 when the parties failed to timely submit one as required by LR 26-1. The parties then filed an untimely proposed discovery plan and scheduling order (ECF No. 17) which requested special scheduling review and more than 150 days beyond the discovery cutoff established by the court's scheduling order or until October 6, 2017 to complete discovery (ECF No. 24). The parties stated they wanted to conserve resources to see if the case could be resolved at an ENE scheduled for January 31, 2017. The court approved the request. *See* Order (ECF No. 18).

The parties filed a first request to extend the discovery plan and scheduling order deadlines by an additional 120 days on October 6, 2017. Given the modest amount of discovery described in the stipulation the parties claimed they needed the court denied the request for 120-day extension but extended discovery for 60 days until December 14, 2017. *See* Order (ECF No. 25). On

1

December 17, 2017 3 days *after* the extended deadline for completing discovery, the parties filed their second untimely stipulation to extend the deadlines another 90 days based on serious medical problems suffered by one of three of plaintiff's counsel of record. *See* Stipulation (ECF No. 26). The court granted the untimely stipulation and extended the discovery cutoff until March 14, 2018. *See* Order (ECF No. 27).

The third stipulation to extend the discovery plan and scheduling order deadlines (ECF No. 29) was also untimely and filed March 6, 2018, 6 days before the discovery cutoff. The third request was based on "new" and "unforeseen information" learned at the deposition of the Janice Gonzalez which was taken January 28, 2018, approximately 6 weeks before the extended discovery cutoff. The parties learned new information that Medic West's Prevention Sexual Assault Committee (PSA) may have played a role in the investigation of allegations of sexual assault involved in this lawsuit. North Las Vegas Detective McCloud's deposition was taken February 28, 2018. However, the North Las Vegas Police Department did not did not produce all documents requested in a defense subpoena before Detective McCloud's deposition. The parties indicated they needed the documents from NLVPD and to conduct follow up discovery, but did not state when the subpoena was served. The court therefore denied the request for an additional 120-day extension but granted a 30-day extension until April 14, 2018 to complete the limited follow up described in the third request for an extension.

The current motion was not timely filed 21 days before the expiration of the third extension of the discovery plan and scheduling order deadlines. It was filed April 6, 2018, 8 days before the April 14, 2018 extended discovery cutoff. The motion argues that Medic West has repeatedly failed to (1) identify fact witnesses, (2) properly supplement initial disclosures, (3) be forthright in discovery disclosures, and (4) cooperate in good faith to schedule remaining discovery within the deadline established by the court. Plaintiff asserts defendant failed to provide dates for availability for out of state witnesses whose existence it hid from plaintiff throughout discovery. She therefore asks for an additional 60 days "to complete all necessary discovery in this case."

Medic West filed a limited opposition acknowledging that it agreed to the third 120-day extension the court denied. However, the opposition accuses plaintiff's counsel of engaging in

"revisionist history, painting an inaccurate and, in some in cases false picture of the history of this case." Medic West agrees that the parties learned new information at the deposition of Janice Gonzalez on January 28, 2018 about the involvement of the PSA, which caused Medic West to supplement its discovery disclosures. However, Medic West disputes that it failed to comply with its initial disclosure obligations. It agreed to a third extension of the discovery cutoff because plaintiff asked for a Rule 30(b)(6) deposition on the last day of the discovery cutoff, March 14, 2018. This date had been noticed for the deposition of Mr. Yeagar so the parties agreed to proceed with Mr. Yeagar's deposition and reschedule the Rule 30(b)(6) deposition for a later date. Plaintiff's counsel then sought to depose 11 more witnesses in Las Vegas, several of whom resided out of state, including two in house counsel for Medic West. Arrangements were made to take the depositions of the Las Vegas-based witnesses on March 26, 2018. However, the Friday before plaintiff's counsel advised they would not be going forward without explanation.

Attempts were made to schedule depositions of Medic West's President and CEO, Vice President of Human Resources, and Director of Human Resources. However, the parties were unable to schedule them on mutually convenient dates and times between March 23 and April 14, 2018. The witnesses and counsel were attempting to arrange their schedules when this motion was filed. Defendant does not object to extending discovery for limited purposes but if the court is inclined to reconsider denial of the third stipulation to extend "its determination should be based on an accurate history of this case and not the revisionist characterization" plaintiff presents to support her motion.

Plaintiff did not reply and the time for filing a reply expired April 27, 2018. Defendant timely filed a motion for summary judgment (ECF No. 33) May 11, 2018.

Plaintiff's 11-page motion attached 219 pages of exhibits inviting the court to effectively "go fish", read everything, and conclude plaintiff's characterization of the record is more accurate. Plaintiff wants to take a Rule 30(b)(6) deposition of defendant, several out of state members of the PSA, including two in house counsel members. The parties collectively took four depositions in this case between the initial May 9, 2017 discovery cutoff and April 14, 2018 after special scheduling review was approved and three extensions granted. If the court allowed parties to make

"strategic decisions" to delay depositions until the 11th hour and then claim surprise, new and "unforeseen" information warranted further extensions it would reward delay and further clog this court's congested docket. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier. *Id*.

Having reviewed and considered the matter,

**IT IS ORDERED** that plaintiff's Motion to Extend Discovery Deadlines (Fourth Request) (ECF No. 31) is **DENIED.**

DATED this 15th day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE